**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1548**

EMMANUEL OGEBE,

Plaintiff - Appellant,

v.

DOW JONES & COMPANY; DREW HINSHAW; JOE PARKINSON; GBENGA AKINGBULE,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:19-cv-00426-LO-IDD)

Submitted:  December 29, 2022                     Decided:  January 23, 2023

Before AGEE and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Emmanuel Ogebe, Appellant Pro Se.  Matthew Edward Kelley, BALLARD SPAHR, LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Ogebe appeals the district court's orders dismissing his original and amended complaints and denying his postjudgment motions. Although the district court cited no authority for its order dismissing Ogebe's amended complaint, it appears that it intended to dismiss Ogebe's action pursuant to Fed. R. Civ. P. 41(b).

A district court has the inherent authority to dismiss an action for a party's failure to comply with its orders, and we review a district court's decision to dismiss for failure to comply for an abuse of discretion. *See* Fed. R. Civ. P. 41(b); *Attkisson v. Holder*, 925 F.3d 606, 620, 625-27 (4th Cir. 2019). "A dismissal with prejudice under Rule 41(b) is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989) (cleaned up). In deciding whether a Rule 41(b) dismissal is appropriate, a district court should consider "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625 (internal quotation marks omitted).

Although the district court stated in the order denying Ogebe's postjudgment motions that it dismissed Ogebe's amended complaint "in part because [Ogebe] never filed a response in opposition" to Appellees' motion to dismiss, the record is silent as to whether the district court considered the above factors before dismissing the action with prejudice. Thus, we cannot conduct a meaningful review of the district court's order.

2

Accordingly, we vacate the district court's order dismissing Ogebe's amended complaint and remand for further proceedings. We express no opinion as to whether dismissal with prejudice is appropriate under Rule 41(b), as the district court is in the best position to make this determination in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*